**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-3567
_____

UNITED STATES OF AMERICA

v.

RODNEY SAUNDERS,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 1:10-CR-15-1)
District Judge: Honorable Maurice B. Cohill, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
May 13, 2011

Before: SMITH, CHAGARES AND VANASKIE, *Circuit Judges*

(Filed:  July 8, 2011)

_____

OPINION
_____

VANASKIE, *Circuit Judge*.

Appellant Rodney Maurice Saunders appeals his within guidelines range sentence of eighteen months for possession of contraband in prison. Saunders contends that the District Court failed to give meaningful consideration to the sentencing factors expressed in 18 U.S.C. § 3553(a). Because the record belies Saunders' contention, we will affirm the District Court judgment.

I.

Because we write solely for the parties, we restate only the facts necessary for our analysis. On February 2, 2010, a grand jury returned a one-count indictment charging Saunders with possessing contraband in prison in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(b)(3). Specifically, the indictment alleged that Saunders, an inmate at the Federal Correctional Institution at McKean, had in his possession on December 25, 2009, a five-inch piece of plastic sharpened to a point with a white cloth wrapped around the end opposite the sharpened point.

On August 5, 2010, the District Court held a joint plea and sentencing hearing. Saunders, without a plea agreement, pleaded guilty to the indictment, and agreed to be sentenced without the preparation of a Pre-sentence Report.

The parties stipulated that Saunders' offense level was 11, that he had a criminal history category of IV, and that the advisory guidelines range was eighteen to twenty-four months' imprisonment. The District Court informed Saunders that his offense carried a five-year maximum term of imprisonment and that his sentence was statutorily mandated to run consecutive to his original federal sentence.

At the hearing, Saunders admitted to possessing the instrument, but denied that it was a shank knife. Instead, he claimed that the object was used as a screwdriver to loosen a light fixture in his prison cell where he kept stamps. After hearing Saunders' request for a downward variance to a prison term of twelve months, the District Court ultimately imposed an eighteen-month term of imprisonment. This timely appeal followed.[1]

## II.

Sentencing courts are directed to follow a three-step process. First, a district court must calculate the applicable guidelines range. *United States v. Levinson*, 543 F.3d 190, 194 (3d Cir. 2008). Next, a district court shall rule on any motions for departure. *Id.* at 195. Finally, after permitting the parties an opportunity for argument, "the court must consider all of the § 3553(a) factors and determine the appropriate sentence to impose" regardless whether it varies from the sentencing range calculated under the guidelines. *Id.* It is this final step where Saunders claims that the District Court erred.

Our appellate review is conducted in two stages. Initially, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . , failing to consider the § 3553(a) factors . . . , or failing to adequately explain the chosen sentence . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the district court's sentence is procedurally sound, we then consider the substantive reasonableness of the sentence imposed under the totality of

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

the circumstances. *Id.* "At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*). In addition, "[t]he abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries." *Id.*

Saunders claims that the District Court failed to give "meaningful consideration" to the § 3553(a) factors at the third-step of the sentencing process. Significantly, however, Saunders does not identify a particular § 3553(a) factor that the District Court failed to consider in imposing sentence. Instead, Saunders complains that the District Court's explanation for the sentence imposed was inadequate.

It is true, as Saunders notes, that we have held that "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors[,]" *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007), and that "a rote statement of the § 3553(a) factors should not suffice *if at sentencing* either *the defendant* or the prosecution *properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it*." *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006) (emphasis added). We have also observed, however, that "there is no mandatory script for sentencing." *United States v. Goff*, 501 F.3d 250, 256 (3d Cir. 2007). Moreover, "[t]he court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Cooper*, 437 F.3d at 329 (citation omitted).

4

During the sentencing phase of the hearing, Saunders argued that a downward variance was warranted because he was already punished by being housed in the segregated united at the prison, and that he would lose good time credits. Saunders asserted that, under the circumstances, a one-year sentence, as opposed to eighteen months, would have a sufficient "deterrent" effect. (A. 31.)

Saunders' deterrence argument comes within the ambit of § 3553(a), and, specifically, § 3553(a)(2)(B) (sentencing court shall consider "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"). "A variance is based on the court's consideration of the § 3553(a) factors." *United States v. Lofink*, 564 F.3d 232, 238 n.14 (3d Cir. 2009). The District Court clearly and appropriately addressed the variance argument, responding:

> I can still see the reason the prison has to be tough on stuff like this. I mean, even if you never intended to use that object, as they call it, as a weapon, you know, things happen. And if something did happen, that could easily be used as a weapon even though the person owning it never intended it as an object to be used as a weapon. And you got to keep order in the prison, and I agree with that.

(A. 36.) The District Court further explained that it had consulted the sentencing guidelines and considered "the parties' arguments concerning the factors enumerated in 18 U.S.C., Section 3553(a)," before imposing an eighteen-month sentence. (A. 36.)

Although the District Court's statement was not lengthy, it adequately addressed the § 3553(a) factors. *See United States v. Rita*, 551 U.S. 338, 358 (2007) ("In the present case the sentencing judge's statement of reasons was brief but legally sufficient. . . . The record makes clear that the sentencing judge listened to each argument.").

5

Contrary to Saunders' claims, the record demonstrates that the District Court gave "meaningful consideration" and exercised "independent judgment" when arriving at its "final sentence." *United States v. Grier*, 475 F.3d 556, 571-72 (3d Cir. 2007). Therefore, there was nothing unreasonable about the procedural aspect of Saunders' sentencing. Furthermore, because it cannot be said that "no reasonable sentencing court would have imposed the same sentence on [Saunders] for the reasons the district court provided[,]"*Tomko*, 562 F.3d at 568, Saunders has not shown that his sentence was substantively unreasonable.

Accordingly, we will affirm the judgment of sentence imposed by the District Court.